# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

April 9, 2020

**Via ECF and Email**
The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: **United States v. William Sawicz, 08-CR-287 (ARR)**
> Reply to Government's April 9, 2020 Letter

Dear Judge Ross,

I write to briefly respond to the government's letter. ECF No. 64. The government writes that "Pursuant to Title 18, United States Code, Section 3624(c)(2), Sawicz would be eligible for administrative transfer to home confinement by the Bureau of Prisons ("BOP") on August 26, 2020—six-months before his February 26, 2021 release date." *Id.* at 1. This is mistaken. He is eligible for administrative transfer to home detention right now.

Section 3624(c)(2) provided for a six month eligibility period. But Section 12003(b)(2) of the Coronavirus Aid Relief and Economic Security (CARES) Act extended that time frame:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

On April 3, 2020, Attorney General Barr made the required statutory finding:

> In addition, the CARES Act now authorizes me to expand the cohort of inmates who can be considered for home release upon my finding that emergency conditions are materially affecting the functioning of the Bureau of Prisons. I hereby make that finding and direct that . . . you give priority in implementing these new standards to the vulnerable inmates at the most affected facilities . . . starting with . . . FCI Danbury.

*See* ECF No. 62, Exh. A. Since the Attorney General has made the required finding, and has

1

ordered the Director of Prisons to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement," specifically "starting with FCI Danbury," where he is housed, Mr. Sawicz is clearly within the "cohort of inmates who can be considered for home release" right now.

      Time is of the essence. Earlier today, the BOP website reflected 34 tested-positive inmates and 12 tested-positive staff at FCI Danbury *See* ECF No. 63 at 1. As of 5:00 P.M. today, there are 36 tested-positive inmates and 15 tested-positive staff at FCI Danbury.[1] Literally every hour, let alone every day, that Mr. Sawicz remains in the facility is an opportunity to catch the virus (if he has not already), and due to his preexisting comorbidities, suffer complications or worse. I respectfully urge the Court to move with dispatch.

      Thank you very much for your consideration of the motion,

      Respectfully submitted,

      /s/
      Mia Eisner-Grynberg, Esq.
      Assistant Federal Defender
      (914) 355-6493

cc:    AUSA Nomi Berenson (by email and ECF)
       UPSO Joanmarie Langone (by email)

---

[1] *COVID-19 Cases*, Federal Bureau of Prisons (Apr. 9, 2020), *at* https://www.bop.gov/coronavirus/.